UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

SERGEI A. KRAVTCHOUK,

                                 Plaintiff,

                 -against-

THE CITY OF NEW YORK, NYC POLICE OFFICER
DAVID RAMOS (#947831), NYC POLICE OFFICER
PEDRO VILORIO, NYC POLICE OFFICER R. BANGALI
(#936168),

                                 Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND
ORDER OF
SETTLEMENT AND
DISMISSAL**

16-CV-4787 (RRM)(JO)

**WHEREAS** Plaintiff Sergei Kravtchouk commenced the above-captioned action by filing a Complaint on or about August 25, 2016, which he subsequently amended by filing an Amended Complaint on June 22, 2017;

**WHEREAS** Plaintiff alleges that Defendants the City of New York, Police Officer David Ramos s/h/a NYC Police Officer David Ramos (#947831), Police Officer Pedro Vilorio s/h/a NYC Police Officer Pedro Vilorio, and Police Officer Ramysh Bangali s/h/a NYC Police Officer R. Bangali (hereinafter, collectively, "Defendants") discriminated against him in violation of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL");

**WHEREAS** the Court dismissed Plaintiffs' claims for false arrest, malicious prosecution, and conspiracy under state and federal law and for retaliation under the ADA, Section 504, NYSHRL, and NYCHRL;

**WHEREAS** Defendants deny any and all liability or wrongdoing arising from Plaintiff's allegations or arising out of his claims and nothing in this Stipulation and Order shall be deemed an admission of any fault or liability by Defendants;

**WHEREAS** Plaintiff and Defendants (collectively, "the Parties") now desire to resolve the issues raised in this litigation without further proceedings and without admitting any fault or liability; and

**WHEREAS** Plaintiff has authorized his counsel to settle this matter with respect to all claims against Defendants on the terms set forth below;

**NOW, THEREFORE IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, through counsel, as follows:

1.      The above-referenced action, including any and all cross-claims and counterclaims, is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2," *infra*.

2.      The City of New York hereby agrees to pay the total sum of ONE HUNDRED TWENTY-FIVE THOUSAND AND ZERO CENTS ($125,000.00) in full satisfaction of all claims that Plaintiff claimed or could have raised in this action, including claims for costs, expenses and attorneys' fees incurred in connection with this action.

3.      Payment of the amount specified in paragraph "2," *supra*, shall be made by one check in the amount of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($125,000.00) and made payable to "Ralph G Reiser, Esq., as attorney for Sergei A. Kravtchouk," and mailed to Plaintiff's counsel, Ralph G. Reiser, Esq., at 3 Walnut Drive, P.O. Box 171, Syosset, New York 11791.

4.       In consideration of the payment of the amount described in paragraph "2," *supra*, Plaintiff agrees to dismiss and discontinue, with prejudice, all of the claims that were or could have been asserted in this action against Defendants, and to release the City of New York, Police Officer David Ramos, Police Officer Pedro Vilorio, and Police Officer Ramysh Bangali, their successors or assigns, and all past and present officials, affiliates, employees, representatives, and agents of the Defendants, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, and/or rights of action alleging a violation of Plaintiff's rights under federal, state, and/or local law which were, or could have, been asserted in this action, whether known or unknown, from the beginning of the world to the date of the Release in this action, including all claims for costs, expenses, and attorney's fees incurred in connection with this action.

5.       Plaintiff shall be responsible for the payment of any federal, state, and/or local taxes, if any, on the payments specified in paragraphs "2," *supra*.

6.       Plaintiffs shall execute and deliver to Defendants' counsel all documents reasonably necessary to effectuate this settlement, including, without limitation, releases based on the terms of paragraphs "2," "3," and "4," *supra*, from Plaintiff and from Plaintiffs' counsel, affidavits regarding liens from Plaintiff, and substitute W-9 forms from Plaintiff and from Plaintiffs' counsel. The payment set forth *supra* is subject to and conditioned on delivery of all necessary documents to Defendants' undersigned counsel.

7.       Nothing contained herein shall be deemed to be an admission by Defendants, including the City of New York or any officer or employee thereof, that they have in any manner or way violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, states, ordinances, rules, and/or regulations of the United States, the

State of New York, or the City of New York, or any other rules, regulations, or bylaw of any department, agency, or subdivision of the City of New York.

8.      This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except for enforcement of the provisions contained herein.

9.      Nothing contained in this Stipulation and Order shall be deemed to constitute a policy or practice of Defendants, including the City of New York or any agency thereof.

10.      This Stipulation and Order contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant action shall be deemed to exist, to bind the Parties, or to vary the terms and conditions contained in this Stipulation and Order.

11.      This Stipulation and Order may be executed in counterparts, and facsimile, scanned, or photocopied signatures shall have the same effect as original signatures. Delivery of an executed counterpart of a signature page by email or facsimile shall be effective as delivery of a manually executed counterpart.

*Signature block appears on the following page.*

Dated:      New York, New York
            July 2 4 2020


RALPH G. REISER, ESQ.                  JAMES E. JOHNSON
3 Walnut Drive                         Corporation Counsel of the City of New York
P.O. Box 171                           Attorney for the Defendants
Syosset, New York 11791                100 Church Street
reiserlaw@aol.com                      New York, New York 10007
Attorney for Plaintiff                 (212) 356-0877
                                       ryogiave@law.nyc.gov

By: _____            By: _____
      Ralph G. Reiser, Esq.                  Rosemary C. Yogiaveetil
                                             Assistant Corporation Counsel


            SO ORDERED:                          DATED: 08/13/2020

            s/Roslynn R. Mauskopf
            _____
            Honorable Roslynn R. Mauskopf
            United States District Judge